# **<u>EXHIBIT 6</u>**

**THIS PROMISSORY NOTE HAS NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED.  NO SALE OR DISPOSITION MAY BE EFFECTED EXCEPT IN COMPLIANCE WITH RULE 144 UNDER SAID ACT OR AN EFFECTIVE REGISTRATION STATEMENT RELATED THERETO OR AN OPINION OF COUNSEL FOR THE HOLDER SATISFACTORY TO THE COMPANY (AS DEFINED BELOW) THAT SUCH REGISTRATION IS NOT REQUIRED UNDER THE ACT.**

## BRIDGE PROMISSORY NOTE

$300,000

**Issue Date**: _Nov 2nd_, 2021
Telluride, CO

For value received, **DIGITAL EARTH MEDIA INC.**, a Delaware corporation (the "**Company**"), unconditionally promises to pay to **HI INVESTMENTS, LLC** or its assigns (the "**Holder**") the principal sum of $300,000, with interest on the outstanding principal amount at the simple interest rate of 1% per annum based on a 365-day year.  Interest shall commence on the date hereof and shall continue on the outstanding principal until paid in full.  The parties anticipate that the outstanding principal and interest under this Note will be converted into equity securities and this Note cancelled in connection with the next equity financing of the Company after the date hereof.

1.      **Payments; Waiver of Presentment**.

**(a)      Payment Demand**.  If not sooner paid, the outstanding principal balance of this Note, together with the accrued interest thereon shall be due and payable in full on the date six (6) months after the Issue Date set forth above (the "**Maturity Date**").

**(b)      Payments.**  This Note may at any time and from time to time, without premium or penalty, be prepaid by the Company prior to the Maturity Date in whole or in part.  All payments of principal and interest shall be in lawful money of the United States of America and shall be payable at the office of the Holder, at 1315 Oakfield Drive, Suite 2817, Brandon, FL  33509, unless another place of payment shall be specified in writing by the Holder.  All payments shall be applied first to any fees or expenses due to the Holder, then to accrued interest, and thereafter to the outstanding principal balance hereof.

2.      **Default.**

**(a)**      Each of the following events shall be an "**Event of Default**" hereunder:

**(i)**      the Company fails to pay timely any of the principal amount due under the Note on the date the same becomes due and payable or any accrued interest or other amounts due under the Note on the date the same becomes due and payable;

**(ii)**      the Company engages in any liquidation, dissolution or winding up of the Company;

Exhibit 6
Page 1 of 9

**(iii)** the Company files any petition or action for relief under any bankruptcy, reorganization, insolvency or moratorium law or any other law for the relief of, or relating to, debtors, now or hereafter in effect, or makes any assignment for the benefit of creditors or takes any corporate action in furtherance of any of the foregoing;

**(iv)** an involuntary petition is filed against the Company under any bankruptcy statute now or hereafter in effect, or a custodian, receiver, trustee, assignee for the benefit of creditors (or other similar official) is appointed to take possession, custody or control of any property of the Company; or

**(v)** the Company executes a sale, transfer, or assignment with respect to a majority of its assets.

**(b)** Upon the occurrence of any Event of Default hereunder: (i) all unpaid principal, accrued interest and other amounts owing hereunder shall, at the option of the Holder, and, in the case of an Event of Default pursuant to Section 2(a)(iii), (iv), or (v) above, automatically, be immediately due, payable and collectible by Holder pursuant to applicable law; (ii) the Company shall pay all reasonable attorneys' fees and court costs incurred by Holder in enforcing and collecting this Note; and (c) Holder shall have the right to increase the simple interest rate under this Note to fifteen percent (15%) *per annum*.

**3.** **Miscellaneous.**

**(a)** **Successors and Assigns**. The terms and conditions of this Note shall inure to the benefit of and be binding upon the respective successors and assigns of the parties. Notwithstanding the foregoing, neither party may assign, by operation of law or otherwise, its rights or obligations under this Note without the prior written consent of the other party.

**(b)** **Governing Law.** This Note shall be governed by and construed under the laws of the State of Delaware as applied to agreements among Delaware residents, made and to be performed entirely within the State of Delaware.

**(c)** **Titles and Subtitles**. The titles and subtitles used in this Note are used for convenience only and are not to be considered in construing or interpreting this Note.

**(d)** **Notices.** All notices required or permitted hereunder shall be in writing and shall be deemed effectively given: (a) upon personal delivery to the party to be notified, (b) when sent by confirmed electronic mail or facsimile if sent during normal business hours of the recipient, if not, then on the next business day, (c) five (5) days after having been sent by registered or certified mail, return receipt requested, postage prepaid, or (d) one (1) day after deposit with a nationally recognized overnight courier, specifying next day delivery, with written verification of receipt.   All communications shall be sent to the Company at 473 West Colorado Ave, Telluride, CO 81435-3740, and to the Holder at 1315 Oakfield Drive, Suite 2817, Brandon, FL  33509 or at such other address as the Company or the Holder may designate by ten (10) days' advance written notice to the other parties hereto.

**(e)** **Modification; Waiver.** No modification or waiver of any provision of this Note or consent to departure therefrom shall be effective without the written consent of the Company and the Holder and then shall be effective only in the specific instance and for the specific purpose for

Exhibit 6
Page 2 of 9

which it was given. The right to plead any and all statutes of limitations as a defense to any demands hereunder is hereby waived to the full extent permitted by law. Company waives demand for payment, presentment, protest, notice of protest and notice of dishonor, diligence in collection, nonpayment, all pleas of division and discussion and all like notices. Company further agrees that no extension of time for payment, nor any delay in enforcing any rights granted to Holder, will cause Holder to lose any rights under this Note or in any way limit or release the obligations of Company hereunder. Company further agrees that, should any default event occur or exist under this Note, any waiver or forbearance on the part of Holder to pursue the rights and remedies available to Holder, shall be binding upon Holder only to the extent that Holder specifically agrees to any such waiver or forbearance in writing. A waiver or forbearance on the part of Holder as to one default event shall not be construed as a waiver or forbearance as to any other default.

**(f)** **Attorney's Fees.** In the event that any suit or action is instituted under or in relation to this Note, including, without limitation, to enforce any provision in this Note, the prevailing party in such dispute shall be entitled to recover from the losing party all fees, costs and expenses of enforcing any right of such prevailing party under or with respect to this Note, including, without limitation, such reasonable fees and expenses of attorneys and accountants, which shall include, without limitation, all fees, costs and expenses of appeals.

**(g)** **Construction and Interpretation.** The Company and Holder have participated jointly in the negotiation and drafting of this Note and each party has been represented by its own legal counsel. In the event an ambiguity or question of intent or interpretation arises, this Note shall be construed as if drafted jointly by the parties and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Note.

**COMPANY AND HOLDER (BY HIS/HER ACCEPTANCE HEREOF) HEREBY VOLUNTARILY, KNOWINGLY, IRREVOCABLY AND UNCONDITIONALLY WAIVE ANY RIGHT TO HAVE A JURY PARTICIPATE IN RESOLVING ANY DISPUTE (WHETHER BASED ON CONTRACT, TORT OR OTHERWISE) BETWEEN COMPANY AND HOLDER ARISING OUT OF, OR IN ANY WAY RELATED TO, THIS NOTE. THIS PROVISION IS A MATERIAL INDUCEMENT FOR PAYEE TO ENTER INTO THIS NOTE.**

**IN WITNESS WHEREOF**, the parties have executed this **BRIDGE PROMISSORY NOTE** as of the date first written above.

**DIGITAL EARTH MEDIA INC.**

By:_____ *Eric Ralls* _____

Name: Eric Ralls

Title:

[Signature Page to Bridge Promissory Note]

IN WITNESS WHEREOF, the parties have executed this BRIDGE PROMISSORY NOTE as of the date first written above.


HI INVESTMENTS, LLC

By: _____

Name: Vernon Decosssas

Title: Manager


[Signature Page to Bridge Promissory Note]

Exhibit 6
Page 6 of 9



STATEMENT OF ACCOUNT

Date 11/30/21                    Page 1 of 3

HI INVESTMENTS LLC
12103 CLEAR HARBOR DRIVE
TAMPA FL 33626



**PLEASE CONTACT YOUR
RELATIONSHIP MANAGER
WITH ANY QUESTIONS
OR CALL**

1-800-968-0801



**24-hr Online Banking**
iberiabank.com

**FREE BUSINESS CHECKING**                          **ACCOUNT NUMBER *******4530**

| | | | |
|---|---|---|---|
| Previous Balance | 600.00 | Statement Dates | 11/01/21 thru 11/30/21 |
| 2 Deposits/Credits | 300,000.00 | Days this Statement Period | 30 |
| 4 Checks/Debits | 300,447.50 | Average Ledger Balance | 167.41 |
| Service Charge | .00 | Average Collected Balance | 167.41 |
| Interest Paid | .00 | | |
| Current Balance | 152.50 | | |

**DEPOSITS AND CREDITS**

| Date | Description | Amount |
|---|---|---|
| 11/02 | Phone/In-Person Transfer | 150,000.00 |
| 11/02 | Phone/In-Person Transfer | 150,000.00 |

**WITHDRAWALS AND DEBITS**

| Date | Description | Amount |
|---|---|---|
| 11/02 | Wire Transfer Debit<br>Taylor Porter Brooks & Phillip<br>▮▮▮0021<br>200-0171-611<br>PO Box 2471<br>Baton Rouge, LA 70821 UNITED S<br>JPMCHASE<br>▮▮▮02199<br>▮▮▮1279<br>▮FT03 | 427.50- |
| 11/02 | Wire Transfer Debit<br>Earth.com, Inc.<br>▮▮▮0225<br>▮▮▮2313<br>473 West Colorado Ave<br>Unit 3740<br>Telluride, CO  81435 UNITED ST<br>TIAA BANK<br>▮▮▮2258<br>▮▮▮0380<br>▮FT03 | 300,000.00- |
| 11/02 | Wire Transfer Fee | 10.00- |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct.  All items are credited subject to final payment.

Exhibit 6
Page 7 of 9

## THIS FORM IS PROVIDED TO HELP YOU BALANCE YOUR BANK STATEMENT

**CHECKS OUTSTANDING NOT CHARGED TO ACCOUNT**

| No. | $ | |
|-----|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **TOTAL** | | |

Please examine immediately and report if incorrect. If no reply is received within 30 days the account will be considered correct.

**BANK BALANCE SHOWN ON THIS STATEMENT** $ _____

# ADD

**DEPOSITS NOT SHOWN ON THIS STATEMENT (IF ANY)** $ _____

# TOTAL $ _____

# SUBTRACT—

**CHECKS OUTSTANDING** $ _____

# BALANCE $ _____

SHOULD AGREE WITH YOUR CHECK BOOK BALANCE AFTER DEDUCTING SERVICE CHARGE (IF ANY) SHOWN ON THIS STATEMENT.

# NOTE
Please make sure you have entered in your check register all automatic transactions, such as charges and interest earned, shown on the front of this statement.



Member FDIC

### In Case of Errors or Questions About Your Electronic Transfers
**TELEPHONE US AT: 1-800-682-3231 OR**
**WRITE US AT: P. O. BOX 7299, Little Rock, AR 72217-7299**


EQUAL HOUSING LENDER

As soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the **FIRST** statement on which the problem appeared.

1) Tell us your name and account number.
2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3) Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly.   If we take more than ten business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation. This Regulation E error resolution notice is only applicable to consumer accounts. A consumer account is defined as an account used primarily for personal, family and household purposes.

**LINE OF CREDIT ACCOUNT INFORMATION**
Refer to the Line of Credit section of this statement. We figure the finance charge on your account by applying the periodic rate to the "Average Daily Balance" of your account (including current transactions). To get the "Average Daily Balance" we take the beginning balance of your account each day, add any new advances, and subtract any payments or credits.  This gives us the daily balance. We then add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle.  This gives us the "Average Daily Balance." We then multiply this Average Daily Balance by the daily periodic rate that has been established for your Account (shown on your statement along with the corresponding annual percentage rate) and then we multiply the product by the number of days in the billing cycle. The result is the dollar figure shown on your statement as "Finance Charge."  Finance Charges for advances on your line will begin to accrue on the date such advances are posted to your account and will continue until the date your account is paid in full. There is no grace period that would allow you to avoid a finance charge on your account.  On the closing date of your billing cycle, we will calculate the amount of your minimum payment due as per your original contract.  We figure this minimum payment by calculating a percentage of the New Balance of your account (less any amount you have written to us to dispute that we are currently investigating).  "New Balance" means the total outstanding  balance of your line on any cycle closing date which includes principal.  If the New Balance is less than or equal to the minimum payment required on your account, your minimum payment will be the entire New Balance (less any disputed amount), plus finance charges and other fees. If you have elected to make equal or level payments on your account, your minimum payment will be calculated accordingly.  The amount of your minimum payment is disclosed to you on this statement and will be automatically deducted from your checking account.  If you wish to make payments in addition to those which are automatically deducted from your checking account, you may do so at any time. Payments may be mailed to the address shown on the statement, Attn.: Loan Accounting.  Additional payments which are mailed to that address will be credited to your account as of the date of receipt. Payment made at any branch office will be credited promptly to your account, but in no event later than 5 days after receipt.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR LINE OF CREDIT ACCOUNT STATEMENT**
If you think your bill is wrong, or if you need more information about a transaction on your statement, write us on a separate sheet at the address shown on the face of this statement as soon as possible.  We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.
In the letter, please give us the following information:
•  Your name and account number.
•  The dollar amount of the suspected error.
•  Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item that you are not sure about.  You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we are investigating your question, we cannot report you as delinquent or take any action to collect the amount you question.

Exhibit 6
Page 8 of 9

# IBERIABANK

**FREE BUSINESS CHECKING** (continued)          **Account Number *******4530**

**WITHDRAWALS AND DEBITS**

| Date | Description | Amount |
|------|-------------|--------|
| 11/02 | Wire Transfer Fee | 10.00- |

**DAILY BALANCE INFORMATION**

| Date | Balance | Date | Balance |
|------|---------|------|---------|
| 11/01 | 600.00 | 11/02 | 152.50 |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Exhibit 6
Page 9 of 9

00000637