# **EXHIBIT 17**

22 AF 006332

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

Case No.: 2021CV030005
Division: 3

PLANTSNAP INC.,

    Plaintiff,

and

ERIC RALLS, et al.,

    Defendants.

## SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NONPARTY

THE STATE OF FLORIDA
TO:  Vernon Henry Decossas, III
      12103 Clear Harbor Dr.
      Tampa, FL 33626-2574

YOU MUST go to Moye White LLP, 1400 16th St., 6th Floor, Denver, CO 80202, within 15 days of service of this subpoena upon you, at 9:00 a.m. and bring with you at that time and place the following: SEE ATTACHMENT A.

These items will be inspected and may be copied at that time. You will not have to leave the original items.

You may obey this subpoena by providing readable copies of the items to be produced to the party or his/her attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon payment in advance of the reasonable cost of preparation. If you mail, e-mail or deliver the copies to the attorney whose name appears on this subpoena before the date indicated above, you do not have to appear in person.

**You may be in contempt of court if you fail to: (1) appear as specified; (2) furnish the records instead of appearing as provided above; or (3) object to this subpoena.**

You can only be excused by the person whose name appears on this subpoena and, unless excused by that person of the Court, you shall respond as directed.

Exhibit 17
Page 1 of 14

This part to be filled out by the court or filled in with information obtained from the court:

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:

_{identify applicable court personnel by name, address, and telephone number}_ at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

Dated: JUL 28 2022

CINDY STUART
CLERK OF COURT & COMPTROLLER
CLERK OF THE CIRCUIT COURT (SEAL)

JEFFREY DUCK
Deputy Clerk

I CERTIFY that I gave notice to every other party to this action of my intent to serve a subpoena upon a person who is not a party to this action directing that person to produce documents or things without deposition. I also certify that no objection under Florida Rule of Civil Procedure 1.351 has been received by the undersigned within 10 days of service of this notice, if service was by hand-delivery, e-mail or appropriate facsimile transmission, and within 15 days if service was by mail.

Dated: June 17, 2022

/s/ Patrick R. Akers
Patrick R. Akers (CO 54803)
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, Colorado 80202
(303) 292-2900
patrick.akers@moyewhite.com

Exhibit 17
Page 2 of 14

## ATTACHMENT A

### INSTRUCTIONS

1. This Subpoena is continuing in nature. If any information or documents become available to you after you have served your response, you have a continuing duty to supplement your response with the additional or correct information.

2. If you object to any request for production or any portion of a request for production, you must clearly state your reason for objection.

3. This subpoena requires a complete search of your files. In producing the documents requested, you must furnish all documents in your possession, custody or control or accessible to any employee, representative, or agent of yours.

4. If documents responsive to your request no longer exist, but are known to have been in existence, or are no longer in your possession, custody or control, for each document (a) state the circumstances under which the document was lost or destroyed or came to be outside of your possession, custody or control; (b) describe the type and content of the document to the fullest extent possible; (c) identify the specific document request to which the document is responsive; and (d) identify persons having knowledge of such documents.

5. If no responsive documents exist, or have ever existed, with respect to any particular request for production, please affirmatively so indicate.

### DEFINITIONS

The following definitions apply herein:

1. **"You"** or **"Your"** means Vernon H. Decossas, III, his agents, or anyone acting on his behalf.

2. **"DEM"** means Digital Earth Media Inc., its agents, or anyone acting on its behalf.

3. **"Earth"** means Earth.com Inc., its agents, or anyone acting on its behalf.

4. **"EarthSnap"** means EarthSnap Inc., its agents, or anyone acting on its behalf.

5. **"PlantSnap"** means PlantSnap Inc., its agents, or anyone acting on its behalf.

6. **"Ralls"** means Eric Ralls, his agents, or anyone acting on his behalf.

7. **"Ralls Affiliate"** means any entity in which Ralls has or had an equity interest, including, but not limited to, DEM, Earth, EarthSnap, GreenAtom, Inc., PlantSnap, Ralls Enterprises, LLC, and RedOrbit, Inc., their agents, or anyone acting on their behalf.

Exhibit 17
Page 3 of 14

8. **"Action"** shall mean the case before the Colorado Combined Court for San Miguel County Colorado, *PlantSnap Inc. v. Ralls, et al.*, No. 2021CV30005 (Mar. 17, 2021).

9. **"Communication"** or **"communicate"** shall mean every manner or means of disclosure, transfer, or exchange of information, and every instance of disclosure, transfer, or exchange of information, whether orally, by document, by telephone, electronic mail, or otherwise.

10. A **"person"** includes any natural person, association, corporation, governmental or other public entity, joint venture, partnership, or other entity, together with its agents, or anyone acting on its behalf.

11. **"Relating to"** or **"related to"** shall mean alluding to, analyzing, characterizing, commenting upon, comprising, constituting, containing, disclosing, discussing, evidencing, explaining, mentioning, pertain to, pertaining to, referring to, reflecting, relate to, reporting about, responding to, setting forth, showing, or summarizing, either directly or indirectly, in whole or in part, the given subject matter.

12. **"And"** and **"or"** as used herein are both conjunctive and disjunctive.

13. **"Any"** shall be construed to include **"all,"** and **"all"** shall be construed to include **"any."**

14. A **"document"** or **"documents"** is intended to be as comprehensive as the meaning provided in Rules 26 and 34, and includes, without limitation, all original written, recorded, or graphic matter of any nature whatsoever, all non-identical copies thereof, contained in any medium upon which intelligence or information is recorded, in your possession, custody, or control, regardless of where located; including, without limitation, notes, jottings, papers, records, tangible things, communications, letters, memoranda, sound recordings of any nature and transcripts thereof, ledgers, worksheets, expense vouchers or receipts, books, magazines, notebooks, work papers, affidavits, statements, summaries, contracts, agreements, diaries, calendars, appointment books, registers, charts, tables, agreements, contracts, purchase orders, acknowledgments, invoices, authorizations, budgets, analyses, reports, studies, evaluations, projections, transcripts, minutes of meetings of any kind, correspondence, telegrams, cables, telex messages, teletypes, drafts, movie film, slides, photograph records, photographs, microfilm, data processing disks or tape, and computer-produced interpretations thereof, x-rays, printout sheets, punch cards, instructions, announcements, schedules, spreadsheets, price lists, financial statements, balance sheets, income statements, all records kept by electronic, photographic, mechanical, or computer means, and notes or drafts relating to any of the foregoing, and all things similar to any of the foregoing, however denominated. In all cases where originals and/or non-identical copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

15. The temporal limitation of these Requests runs from January 1, 2021 to current.

Exhibit 17
Page 4 of 14

## DOCUMENT REQUESTS

1. All communications between You and Ralls, Earth, EarthSnap, or DEM relating to your investment in DEM or any Ralls Affiliate as either a creditor or equity holder.

2. All documents related to Your investment in DEM, Earth, EarthSnap, or any Ralls Affiliate as either a creditor or equity holder

3. All agreements or evidence of transactions between You and Ralls or any Ralls Affiliate, including, but not limited to, promissory notes, stockholders' agreements, subscription agreements, and wire transfer confirmations, and any drafts of the same.

4. All documents and communications between You and Ralls or any Ralls Affiliate relating to instructions to transfer funds, including, but not limited to, wiring instructions.

5. All financial documents You received from Ralls or any Ralls Affiliate including, but not limited to, pro forma or actual balance sheets, income statements, statements of cash flow, or statements of shareholder equity.

6. All documents evidencing the relationship between You and Ralls or any Ralls Affiliate.

7. All documents and/or communications from Ralls relating to PlantSnap, Earth, EarthSnap, or DEM.

8. All communications between You and any creditor or equity holder in Earth, EarthSnap, or DEM, including, but not limited to, Ralls, Cosmin Lup, and Alexandru Dindeal.

9. All communications and documents from Ralls or any Ralls Affiliate relating to any lawsuits in which Ralls or any Ralls Affiliate was a party, including, but not limited to, the Action.

Exhibit 17
Page 5 of 14

| | |
|---|---|
| COMBINED COURT, SAN MIGUEL COUNTY, COLORADO<br><br>Court Address: 305 West Colorado Avenue<br>P.O. Box 919<br>Telluride, Colorado 81435 | |
| PLANTSNAP INC.,<br><br>Plaintiff,<br><br>v.<br><br>ERIC RALLS, et al.,<br><br>Defendants. | ▲ COURT USE ONLY ▲<br><br>Case Number: 2021CV030005<br><br>Division: 3 |
| *Attorneys for PlantSnap Inc.:*<br>Dean E. Richardson (35349)<br>Patrick R. Akers (54803)<br>MOYE WHITE LLP<br>1400 16th Street, 6th Floor<br>Denver, Colorado 80202<br>(303) 292-2900<br>(303) 292-4510 (facsimile)<br>dean.richardson@moyewhite.com<br>patrick.akers@moyewhite.com | |
| **SUBPOENA TO PRODUCE** ||

To:  Vernon Henry Decossas, III
12103 Clear Harbor Dr.
Tampa, FL 33626-2574

**You are ordered to: Produce** the following **Documents**, whether in physical or electronic form, or tangible things now in your possession, custody or control:

All those set forth in **Attachment A**.

**Date and time of production:** Unless otherwise agreed to in writing by all parties and privilege holder or holders and the person subpoenaed, production must be made no later than fifteen days after service of this Subpoena.

**Place of Production:** Moye White LLP, 1400 16th Street, 6th Floor, Denver, CO 80202.

1

Exhibit 17
Page 6 of 14

1. **Notice form:**

If this subpoena is served for production of records or tangible things, see the attached important notice which sets out portions of Colorado Rule of Civil Procedure 45 concerning protections for subpoenaed persons and the requirements for production of records and tangible things.

**Identity of parties:**

The following are the names of the parties in this action and the names, addresses, phone numbers, and e-mail addresses of the attorneys for the parties and of any parties who have entered appearances without an attorney:

| Attorneys for Plaintiff, PlantSnap Inc.: | Attorneys for DEJ Partners, LLC and Daniel E. Johnson: |
|---|---|
| Dean Richardson (35349)<br>Patrick Akers (54803)<br>Moye White LLP<br>16 Market Square<br>1400 16th Street, 6th Floor<br>Denver, CO 80202<br>303-292-2900<br>dean.richardson@moyewhite.com<br>patrick.akers@moyewhite.com | Peter W. Thomas (27657)<br>PRAXIDICE, PC<br>124 West Hyman Avenue, Suite 1A<br>Aspen, Colorado 81611<br>(970) 544-5900<br>peter@praxidicelaw.com |
| Attorneys for Eric Ralls and Earth.com, Inc.:<br><br>Spencer J. Kontnik (47447)<br>Austin M. Cohen (46537)<br>KONTNIK COHEN, LLC<br>201 Steele St., Suite 210<br>Denver, Colorado 80206<br>(720) 449-8448<br>(720) 223-7273 (facsimile)<br>skontnik@kontnikcohen.com<br>acohen@kontnikcohen.com | |

The party and the party's attorney who are serving this subpoena: **Patrick Akers, Esq., on behalf of Plaintiff, PlantSnap Inc.**

Dated: June 17, 2022

/s/ *Patrick R. Akers*
Dean E. Richardson (#35349)
Patrick Akers (#54803)

*Attorneys for PlantSnap Inc.*

**NOTICE TO SUBPOENA RECIPIENTS**
**(when production of records or tangible things is sought)**

(c) Protecting a Person Subject to a Subpoena.

    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction, which may include lost earnings and reasonable attorney's fees, on a party or attorney who fails to comply.

    (2) Command to Produce Records or Tangible Things.

        (A) Attendance Not Required. A person commanded to produce records or tangible things need not attend in person at the place of production unless also commanded to attend for a deposition, hearing, or trial.

        (B) For Production of Privileged Records.

            (i) If a subpoena commands production of records from a person who provides services subject to one of the privileges established by C.R.S. § 13-90-107., or from the records custodian for that person, which records pertain to services performed by or at the direction of that person ("privileged records"), such a subpoena must be accompanied by an authorization signed by the privilege holder or holders or by a court order authorizing production of such records.

            (ii) Prior to the entry of an order for a subpoena to obtain the privileged records, the court shall consider the rights of the privilege holder or holders in such privileged records, including an appropriate means of notice to the privilege holder or holders or whether any objection to production may be resolved by redaction.

            (iii) If a subpoena for privileged records does not include a signed authorization or court order permitting the privileged records to be produced by means of subpoena, the subpoenaed person shall not appear to testify and shall not disclose any of the privileged records to the party who issued the subpoena.

        (C) Objections. Any party or the person subpoenaed to produce records or tangible things may submit to the party issuing the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials. The objection must be submitted before the earlier of the time specified for compliance or 14 days after the subpoena is served. If objection is made, the party issuing the subpoena shall promptly serve a copy of the objection on all other parties. If an objection is made, the party issuing the subpoena is not entitled to inspect, copy, test or sample the materials except pursuant to an order of the court from which the subpoena was issued. If an objection is made, at any

4

Exhibit 17
Page 9 of 14

        time on notice to the subpoenaed person and the other parties, the party issuing the subpoena may move the issuing court for an order compelling production.

  (3)  Quashing or Modifying a Subpoena.

      (A)  When Required. On motion made promptly and in any event at or before the time specified in the subpoena for compliance, the issuing court must quash or modify a subpoena that:

          (i)  fails to allow a reasonable time to comply;

          (ii)  requires a person who is neither a party nor a party's officer to attend a deposition in any county other than where the person resides or is employed or transacts his business in person, or at such other convenient place as is fixed by an order of court;

          (iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

          (iv)  subjects a person to undue burden.

      (B)  When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion made promptly and in any event at or before the time specified in the subpoena for compliance, quash or modify the subpoena if it requires:

          (i)  disclosing a trade secret or other confidential research, development, or commercial information; or

          (ii)  disclosing an unretained expert's opinion or information that does not describe specific matters in dispute and results from the expert's study that was not requested by a party.

      (C)  Specifying Conditions as an Alternative. In the circumstances described in Rule 45 (c)(3)(B), the court may, instead of quashing or modifying a subpoena, order attendance or production under specified conditions if the issuing party:

          (i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

          (ii)  ensures that the subpoenaed person will be reasonably compensated.

(d)  Duties in Responding to Subpoena.

  (1)  Producing Records or Tangible Things.

      (A)  Unless agreed in writing by all parties, the privilege holder or holders and the person subpoenaed, production shall not be made until at least 14 days after service of the subpoena, except that, in the case of an expedited hearing

5

Exhibit 17
Page 10 of 14

      pursuant to these rules or any statute, in the absence of such agreement, production shall be made only at the place, date and time for compliance set forth in the subpoena; and

  (B)  If not objected to, a person responding to a subpoena to produce records or tangible things must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand and must permit inspection, copying, testing, or sampling of the materials.

(2)  Claiming Privilege or Protection.

  (A)  Information Withheld. Unless the subpoena is subject to subsection (c)(2)(B) of this Rule relating to production of privileged records, a person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

     (i)  make the claim expressly; and

     (ii)  describe the nature of the withheld records or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  (B)  Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## ATTACHMENT A

### INSTRUCTIONS

1. This Subpoena is continuing in nature. If any information or documents become available to you after you have served your response, you have a continuing duty to supplement your response with the additional or correct information.

2. If you object to any request for production or any portion of a request for production, you must clearly state your reason for objection.

3. This subpoena requires a complete search of your files. In producing the documents requested, you must furnish all documents in your possession, custody or control or accessible to any employee, representative, or agent of yours.

4. If documents responsive to your request no longer exist, but are known to have been in existence, or are no longer in your possession, custody or control, for each document (a) state the circumstances under which the document was lost or destroyed or came to be outside of your possession, custody or control; (b) describe the type and content of the document to the fullest extent possible; (c) identify the specific document request to which the document is responsive; and (d) identify persons having knowledge of such documents.

5. If no responsive documents exist, or have ever existed, with respect to any particular request for production, please affirmatively so indicate.

### DEFINITIONS

The following definitions apply herein:

1. "**You**" or "**Your**" means Vernon H. Decossas, III, his agents, or anyone acting on his behalf.

2. "**DEM**" means Digital Earth Media Inc., its agents, or anyone acting on its behalf.

3. "**Earth**" means Earth.com Inc., its agents, or anyone acting on its behalf.

4. "**EarthSnap**" means EarthSnap Inc., its agents, or anyone acting on its behalf.

5. "**PlantSnap**" means PlantSnap Inc., its agents, or anyone acting on its behalf.

6. "**Ralls**" means Eric Ralls, his agents, or anyone acting on his behalf.

7. "**Ralls Affiliate**" means any entity in which Ralls has or had an equity interest, including, but not limited to, DEM, Earth, EarthSnap, GreenAtom, Inc., PlantSnap, Ralls Enterprises, LLC, and RedOrbit, Inc., their agents, or anyone acting on their behalf.

Exhibit 17
Page 12 of 14

8. **"Action"** shall mean the case before the Colorado Combined Court for San Miguel County Colorado, *PlantSnap Inc. v. Ralls, et al.*, No. 2021CV30005 (Mar. 17, 2021).

9. **"Communication"** or **"communicate"** shall mean every manner or means of disclosure, transfer, or exchange of information, and every instance of disclosure, transfer, or exchange of information, whether orally, by document, by telephone, electronic mail, or otherwise.

10. A **"person"** includes any natural person, association, corporation, governmental or other public entity, joint venture, partnership, or other entity, together with its agents, or anyone acting on its behalf.

11. **"Relating to"** or **"related to"** shall mean alluding to, analyzing, characterizing, commenting upon, comprising, constituting, containing, disclosing, discussing, evidencing, explaining, mentioning, pertain to, pertaining to, referring to, reflecting, relate to, reporting about, responding to, setting forth, showing, or summarizing, either directly or indirectly, in whole or in part, the given subject matter.

12. **"And"** and **"or"** as used herein are both conjunctive and disjunctive.

13. **"Any"** shall be construed to include **"all,"** and **"all"** shall be construed to include **"any."**

14. A **"document"** or **"documents"** is intended to be as comprehensive as the meaning provided in Rules 26 and 34, and includes, without limitation, all original written, recorded, or graphic matter of any nature whatsoever, all non-identical copies thereof, contained in any medium upon which intelligence or information is recorded, in your possession, custody, or control, regardless of where located; including, without limitation, notes, jottings, papers, records, tangible things, communications, letters, memoranda, sound recordings of any nature and transcripts thereof, ledgers, worksheets, expense vouchers or receipts, books, magazines, notebooks, work papers, affidavits, statements, summaries, contracts, agreements, diaries, calendars, appointment books, registers, charts, tables, agreements, contracts, purchase orders, acknowledgments, invoices, authorizations, budgets, analyses, reports, studies, evaluations, projections, transcripts, minutes of meetings of any kind, correspondence, telegrams, cables, telex messages, teletypes, drafts, movie film, slides, photograph records, photographs, microfilm, data processing disks or tape, and computer-produced interpretations thereof, x-rays, printout sheets, punch cards, instructions, announcements, schedules, spreadsheets, price lists, financial statements, balance sheets, income statements, all records kept by electronic, photographic, mechanical, or computer means, and notes or drafts relating to any of the foregoing, and all things similar to any of the foregoing, however denominated. In all cases where originals and/or non-identical copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

15. The temporal limitation of these Requests runs from January 1, 2021 to current.

Exhibit 17
Page 13 of 14

## DOCUMENT REQUESTS

1. All communications between You and Ralls, Earth, EarthSnap, or DEM relating to your investment in DEM or any Ralls Affiliate as either a creditor or equity holder.

2. All documents related to Your investment in DEM, Earth, EarthSnap, or any Ralls Affiliate as either a creditor or equity holder

3. All agreements or evidence of transactions between You and Ralls or any Ralls Affiliate, including, but not limited to, promissory notes, stockholders' agreements, subscription agreements, and wire transfer confirmations, and any drafts of the same.

4. All documents and communications between You and Ralls or any Ralls Affiliate relating to instructions to transfer funds, including, but not limited to, wiring instructions.

5. All financial documents You received from Ralls or any Ralls Affiliate including, but not limited to, pro forma or actual balance sheets, income statements, statements of cash flow, or statements of shareholder equity.

6. All documents evidencing the relationship between You and Ralls or any Ralls Affiliate.

7. All documents and/or communications from Ralls relating to PlantSnap, Earth, EarthSnap, or DEM.

8. All communications between You and any creditor or equity holder in Earth, EarthSnap, or DEM, including, but not limited to, Ralls, Cosmin Lup, and Alexandru Dindeal.

9. All communications and documents from Ralls or any Ralls Affiliate relating to any lawsuits in which Ralls or any Ralls Affiliate was a party, including, but not limited to, the Action.

Exhibit 17
Page 14 of 14