# **EXHIBIT 18**

# BINDING TERM SHEET

## *PLANTSNAP AND ERIC RALLS, ET AL.*

1. This Binding Term Sheet ("Agreement") settles all claims relating to Case No. 2021CV30005 (the "Litigation"), brought in the San Miguel County Combined Court by and between PlantSnap Inc. ("PlantSnap") and Eric Ralls, Digital Earth Media Inc., Earth.com Inc., EarthSnap Inc., and Metaversal Knowledge Inc. (collectively the "Ralls Parties"). PlantSnap and the Ralls Parties are collectively referred to herein as the "Parties." Digital Earth Media, Earth.com, EarthSnap, and Metaversal Knowledge are referred to as the Entities.

2. The Agreement is binding as of the date of execution by all Parties.

3. The Ralls Parties shall execute and deliver to PlantSnap a $2.5 million dollar Secured Promissory Note, pursuant to which they shall be jointly and severally liable, and subject to the following terms (the "Note").

    A. The Note shall be secured by all of Ralls' founder's shares in the Entities (8,178,571, or the "Pledged Shares"). There are currently a total of 9,563,007 outstanding shares.

    B. The Pledged Shares are security certificates. Contemporaneously with Ralls placing the Pledged Shares in escrow, Ralls will execute a blank stock power to PlantSnap. An independent agent, on which all Parties will agree, will hold the Pledged Shares in escrow. The Parties will work together to formulate escrow instructions to the agent that conform with this Agreement. DEJ Partners, LLC ("DEJP"), PlantSnap, and the Ralls Parties each shall be responsible for one-third (1/3) of any fees or expenses charged by the escrow agent.

    C. Ralls authorizes PlantSnap to file a UCC-1 financing statement.

    D. If there is ever an uncured default of the Settlement Agreement, the escrow agent shall deliver the Pledged Shares to PlantSnap. PlantSnap shall be authorized to promptly conduct a sale of the Pledge Shares pursuant to Article 9 of the Uniform Commercial Code. PlantSnap, upon an event of default, shall be empowered to exercise all voting and other rights associated with the Pledged Shares until such time as their disposition pursuant to the Uniform Commercial Code.

    E. The pledge of the Pledged Shares shall not prevent or impede Ralls from operating the Entities or exercising his voting rights associated with the Pledged Shares so long as Ralls and the Ralls Entities are not in Default under the Settlement Agreement.

    F. The Note shall have the following payment schedule and terms:

Exhibit 18
Page 1 of 7

    a) $7,500/month for first year; b) $10,500/month second year; c) $12,500/month third year, with the first payment due on May 7, 2024. Thereafter, monthly payments shall be due and received by PlantSnap on the seventh day of each month. In month 37, a balloon payment, with the balance of the Note (interest and principal) shall be due and payable,

    b) The Note shall carry an 8% interest rate, and default interest rate of 12%.

    c) In the event of a monetary default, PlantSnap shall provide the Ralls Parties with written Notice of Default, giving the Ralls Parties seven (7) business days to cure the default. Thereafter, any right to cure shall be irrevocably waived and PlantSnap shall be entitled to exercise all rights and remedies it may have against the Ralls Parties, individually or cumulatively. Notice may be delivered by email to Ralls@earth.com with a copy delivered to current counsel for Ralls and the Entities with such email notice deemed effective as of the date and time the email is sent.

    d) There is no penalty for early payment.

G. Ralls may be permitted to sell up to but not more than ten percent (10%) of the Pledged Shares subject to the following conditions: (1) Ralls must present PlantSnap with documentation in form satisfactory to PlantSnap that Pledged Shares are being sold to a bona fide third party purchaser, at fair market value and upon reasonable commercial terms; (2) Ralls' remaining Pledged Shares, following any sale, must constitute not less than ninety percent (90%) of the total founder shares owned by Ralls; (3) Ralls must present PlantSnap with documentation satisfactory to PlantSnap that the remaining Pledged Shares, following any sale, shall constitute not less than a majority fifty-one percent (51%) of the total outstanding shares issued by Digital Earth Media, Inc.; and (4) the terms of the sale must require that fifty percent (50%) of the total purchase proceeds of Ralls' Pledged Shares are to be wired directly by the purchaser to PlantSnap or DEJP, which funds shall be applied towards the outstanding balance owed to PlantSnap on the Note. Upon receipt of the fifty percent (50%) payment, PlantSnap will file a partial release of its UCC-1 financing statement on the Pledged Shares being sold. So long as the foregoing conditions are met, PlantSnap shall not unreasonably withhold its consent to any requested partial release and sale of a portion of the Pledge Shares. In the event Ralls wishes to sell more than ten percent of the Pledges Shares, the Parties agree to work in good faith to try to negotiate mutually acceptable terms of any further permitted sales. Except as permitted herein, Ralls shall not pledge, transfer, encumber or hypothecate in any way, shape or form any of the Pledged Shares until the Note to PlantSnap is paid in full, unless otherwise agreed between the parties.

4. The current judgments in PlantSnap's favor will remain in place (attorney fees and conversion), and the Ralls Parties shall cooperate with and not oppose PlantSnap's CRCP 54 certification of any judgments previously entered (PlantSnap's summary judgment award). Once the Note has been paid in full those judgments will be deemed satisfied and will be vacated.

5. The Ralls Parties shall provide a current asset schedule for the Entities. The Ralls Parties agree that any sale or encumbrance of all or substantially all of the assets or of any stock of any one or more of the Ralls Entities, unless agreed to in writing by all Parties hereto, which agreement shall not be unreasonably withheld, shall trigger an immediate obligation to pay PlantSnap all outstanding amounts due under the Note and Settlement Agreement, whether due at that time or not.

6. The current status of the agreement to use the Earth.com domain owned by Innovation HQ.is that there is no written agreement. Innovation HQ terminated the written agreement due to the filing of civil racketeering claims in this case. At present, there is no written agreement other than a back end interest to be paid to Innovation HQ up sale of DEM. Ralls anticipates once a settlement is achieved in this case Innovation HQ will want to enter into a renegotiated written agreement.

7. The Ralls Parties shall deliver a Confession of Judgment (a pocket judgment) for conversion, civil theft, fraud, and fraudulent transfer with the agreement that the confessed judgment shall not be recorded or executed upon except in the event of a default or filing of bankruptcy, with accompanying language and terms in the Settlement Agreement to provide for a <u>non-dischargeable</u> obligation. The agreed upon form of the confession of judgment is attached hereto and signed by Ralls, and the Ralls Entities.

8. The Ralls Entities agree to indemnify, and hold harmless, to the fullest extent permitted by Colorado law, all owners, agents, attorneys, members, directors, shareholders, managers, officers, and employees of PlantSnap, for any/all acts while Ralls served as PlantSnap's CEO (up to and including the date the Court issued the TRO Order on April 27, 2021).

9. Global releases as to all Parties.

10. Warranties and representations: The finalized agreements will include representations and warranties, including, without limitation, the following:

    a. The Ralls Entities will warrant and represent the Pledged Shares shall be free and clear of any liens at the time of the pledge and that Ralls has authority to pledge the shares. Ralls further warrants that he has not transferred any of the Ralls Entities' assets since February 2022.
    b. DEJP and PlantSnap will warrant that there have been no offers to purchase PlantSnap or its stock since April 1, 2022; that other than the expert evaluation by Mr. Harrison disclosed in this litigation, neither PlantSanp or DEJP have valued the Ralls stock, or the PlantSnap business as a whole.

3

Exhibit 18
Page 3 of 7

11. Each side bears their own fee/costs, but for PlantSnap's judgment already entered relating to attorney fees, subject to being vacated as provided herein.

12. To the extent he has them, Ralls shall immediately transfer PlantSnap's domains, outlined in **Exhibit A** and currently held in his GoDaddy account, and any other PlantSnap property in his possession, back to PlantSnap upon execution of this Agreement.

13. The Parties agree that any cross collateralized obligations or other overlapping undertakings owed to DEJP and PlantSnap by the Ralls Entities shall be governed by an Intercreditor Agreement between DEJP and PlantSnap to ensure that the Ralls Entities do not have conflicting contractual duties to DEJP and PlantSnap.

14. This Term Sheet and the Settlement Agreement shall be governed by Colorado law. The Parties agree that in the event of a dispute of any kind arising out of or relating in any way to the Term Sheet, the Settlement Agreement, or the drafting of the Settlement Agreement, the San Miguel County Combined Court shall have sole and exclusive jurisdiction to resolve the dispute and that the dispute shall be submitted in the existing Action styled as PlantSnap v. Ralls et al, Case No. 2021 CV 30005. The Court shall award the substantially prevailing party all attorney fees, costs and expenses.

15. The Parties will work together to draft definitive settlement documents, but the terms outlined herein are enforceable and binding upon execution.

16. Once definitive documents are signed, PlantSnap shall dismiss all its claims against the Ralls Entities, and the Ralls Entities shall dismiss all claims brought against PlantSnap, in the Litigation.

17. The Parties each represent and warrant that (a) the person signing this Agreement on behalf of the respective party has full authority and representative capacity to execute this Agreement on behalf of the corporation for which he or she purports to act as stated herein, and (b) this Agreement has been duly executed and delivered and constitutes the valid and binding obligation of the party signing such Agreement.

[Intentionally Blank]

_____
PlantSnap Inc.
By: Matt Giblin
Date: February 19, 2024

_____
Eric Ralls
Date:

_____
Earth.com Inc.
By:
Date:

_____
Digital Earth Media Inc.
By:
Date:

_____
EarthSnap Inc.
By:
Date:

_____
Metaversal Knowledge Inc.
By:
Date:

5

Exhibit 18
Page 5 of 7

*Eric Ralls*
_____
PlantSnap Inc.
By: Eric Ralls
Date: 2-19-24

*Eric Ralls*
_____
Eric Ralls
Date: 2-19-24

*Eric Ralls*
_____
Earth.com Inc.
By: Eric Ralls
Date: 2-19-24

*Eric Ralls*
_____
Digital Earth Media Inc.
By: Eric Ralls
Date: 2-19-24

*Eric Ralls*
_____
EarthSnap Inc.
By: Eric Ralls
Date: 2-19-24

*Eric Ralls*
_____
Metaversal Knowledge Inc.
By: Eric Ralls
Date: 2-19-24

5

Exhibit 18
Page 6 of 7

# Binding Term Sheet.PlantSnap.Siganture Verison.02182024.FINAL

Final Audit Report                                                                          2024-02-19

| | |
|---|---|
| Created: | 2024-02-19 |
| By: | Michael Melito (melito@melitolaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAANMBvFdtCqkV_C9ek9RMe-YwIEEBTM_c1 |

## "Binding Term Sheet.PlantSnap.Siganture Verison.02182024.FINAL" History

- 📄 Document created by Michael Melito (melito@melitolaw.com)
  2024-02-19 - 2:02:54 PM GMT- IP address: 204.144.183.247

- ✉️ Document emailed to Eric Ralls (ralls@earth.com) for signature
  2024-02-19 - 2:02:59 PM GMT

- 📄 Email viewed by Eric Ralls (ralls@earth.com)
  2024-02-19 - 2:04:14 PM GMT- IP address: 68.52.91.184

- ✍️ Document e-signed by Eric Ralls (ralls@earth.com)
  Signature Date: 2024-02-19 - 2:04:50 PM GMT - Time Source: server- IP address: 68.52.91.184

- ✅ Agreement completed.
  2024-02-19 - 2:04:50 PM GMT

**Adobe Acrobat Sign**

Exhibit 18
Page 7 of 7