# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| In re: <br><br> ERIC RALLS, <br> SSN: xxx-xx-0447 <br><br> Debtor. | Case No. 24-60504 <br><br> Chapter 7 |
| HI INVESTMENTS, LLC, <br><br> Plaintiff, <br> v. <br><br> ERIC RALLS, <br><br> Defendant. | Adv. Pro. No. 24-06045 |

## UNOPPOSED MOTION TO HOLD ALL ADVERSARY PROCEEDING RELATED DEADLINES IN ABEYANCE

HI Investments, LLC (the "Plaintiff" or "HI Investments"), by and through its undersigned counsel, hereby submits the following *Unopposed Motion to Hold All Adversary Proceeding Related Deadlines in Abeyance* (the "Motion") regarding the deadlines ordered by the Court in the *Scheduling Order Arising from Initial Management Conference* (the "Scheduling Order") (Docket No. 13). In support thereof, the Plaintiff states as follows:

### BACKGROUND

1. On June 17, 2024, debtor EarthSnap Inc. ("EarthSnap") filed its voluntary petition for relief under Subchapter V, Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Texas, Tyler Division (the "Bankruptcy Court") (Case No. 24-60363, Docket No. 1).

2. On August 18, 2024, an affiliated debtor, Eric Ralls ("Ralls" or "Defendant", and collectively with EarthSnap, the "Debtors"), filed his voluntary petition for relief under Subchapter V, Chapter 11 of the Bankruptcy Code, with the Bankruptcy Court (Case No. 24-60504, Docket No. 1).

3. On August 27, 2024, the Debtors filed their *Amended Motion for Joint Administration* (Case No. 24-60363, Docket No. 28; Case No. 24-60504, Docket No. 9). On October 17, 2024, the Court entered its *Order Granting Joint Administration of Bankruptcy Estates*

1

33550867.2

(Case No. 24-60363, Docket No. 50; Case No. 24-60504, Docket No. 21).

4. On November 22, 2024, HI Investments filed its *Complaint for Determination of Debt, Nondischargeability of Debt Under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6), and for Other Relief* (the "Adversary Proceeding") (Adversary Case No. 24-06045, Docket No. 1) against Ralls. The Adversary Proceeding is still pending before this Court.

5. HI Investments also filed two proofs of claim against the Debtors: Claim 11-1 in Ralls' bankruptcy case and Claim 6-1 in the EarthSnap bankruptcy case.

6. On February 13, 2025, the Court entered its *Order to Show Cause Why Case Should Not be Dismissed or Converted for Cause Under § 1112* (the "Show Cause Order") (Case No. 24-60363, Docket No. 94).

7. On February 17, 2025, creditors PlantSnap Inc. and DEJ Partners, LLC filed a *Joint Motion to Convert Chapter 11 Cases* (the "Motion to Convert") (Case No. 24-60363, Docket No. 97) asking the Court to convert both above-referenced bankruptcy cases to cases under Chapter 7 of the Bankruptcy Code.

8. On March 3, 2025, HI Investments filed a Joinder in support of the Motion to Convert (Case No. 24-60363, Docket No. 101).

9. Also on March 5, 2025, the Court entered the Scheduling Order in the Adversary Proceeding (Adversary Case No. 24-06045, Docket No. 13) scheduling deadlines related to that specific matter.

10. On March 25, 2025, the Court held a hearing on the Show Cause Order and the Motion to Convert

11. On April 21, 2025, the Court entered its *Order Granting Motion to Convert Subchapter V, Chapter 11 Cases into Chapter 7 Bankruptcy Cases* (the "Conversion Order") (Case No. 24-60363, Docket No. 167). Furthermore, on the same day, the Court entered its *Order Dissolving Joint Administration of Bankruptcy Estates* (the "Dissolution Order") (Case No. 24-60363, Docket No. 168; Case No. 24-60504, Docket No. 40) which dissolved the joint administration of both bankruptcy cases.

12. The Debtor has filed a motion to reconsider the Conversion Order (Case No. 24-60363, Docket No. 176) (the "Motion to Reconsider") which is still pending before the Court.

13. On April 21, 2025, the Court filed its *Notice of Chapter 7 Bankruptcy Case* (the "Chapter 7 Notices") (Case No. 24-60363, Docket No. 169; Case No. 24-60504, Docket No. 41). The Chapter 7 Notices were re-noticed on April 30, 2025 to update the appointment of the chapter 7 trustee to be Areya Aurzada. In the Chapter 7 Notices, the 341 Meeting of Creditors has been currently scheduled for May 22, 2025 for both bankruptcy cases. The deadline to object to discharge or challenge whether certain debts are dischargeable in Case No. 24-60504 is currently scheduled for July 21, 2025, or 60 days after the section 341 meeting (the "Objection to Discharge Deadline"). *See* Case No. 24-60504, Docket No. 41.

33550867.2

**RELIEF REQUESTED**

14. The Court previously adopted the following deadlines in its Scheduling Order ("Scheduling Order Deadlines"). *See* Adversary Case 24-06054, Docket No. 13.

   a. All discovery in the Adversary Case must be completed on or before June 13, 2025;
   b. The deadline to file motions of leave to amend pleadings must be filed by June 20, 2025;
   c. Any motion for summary judgment under Fed. R. Bankr. P. 7056 must be filed on or before July 7, 2025;
   d. Any response in opposition to a motion for summary judgment must be filed within twenty-eight (28) days of the filing of the motion. This deadline supersedes the deadline in Fed. R. Bankr. P. 7056(c); and
   e. Any reply brief to an opposed summary judgment motion must be filed within fourteen (14) days of the filing of the response in opposition.

15. Plaintiff believes it would be advantageous to pause litigation of the Adversary Proceeding until the Objection to Discharge Deadline has passed. As an initial matter, Plaintiff may wish to amend its Complaint to, among other things, include causes of action under section 727 of the Bankruptcy Code. These causes of action make sense to be heard in connection with the rest of the Adversary Proceeding given the overlap in issues and parties. Otherwise, Plaintiff will need to file a separate adversary proceeding and litigate two proceedings on two separate paths, or move to consolidate the proceedings once discovery is already closed in one proceeding. Staying the current Adversary Proceeding until the Objection to Discharge Deadline passes will avoid the Parties duplicating efforts and resources on discovery related to very similar issues.

16. Plaintiff submits that good cause exists to hold the Scheduling Order Deadlines in abeyance and for the Court to enter another scheduling order once the Objection to Discharge Deadline has passed or shortly thereafter. Holding the deadlines in abeyance until the Objection to Discharge Deadline has passed as proposed above furthers the efficient expenditure of resources and ensures the parties minimize duplication of their discovery efforts.

17. Plaintiff conferred with Gregory Mitchell, who has advised that the Debtor wishes for Mr. Mitchell to represent him in this matter. Mr. Mitchell has advised that the Debtor does not oppose the relief requested in this Motion.

18. Further, to the extent that the Court grants the Motion for Reconsideration and the order granting the Motion for Reconsideration is a final and non-appealable order prior to the Objection to Discharge Deadline, the Parties will ask the Court for a status conference to reset dates to proceed with the Adversary Proceeding.

**WHEREFORE**, the Plaintiff respectfully request entry of an order, substantially in the form attached hereto, holding all Scheduling Order Deadlines in the Scheduling Order to be held in abeyance pending further order of the Court after the passing of the Objection to Discharge Deadline and permitting Plaintiff to amend its Complaint through and including the Objection to

3

33550867.2

Discharge Deadline to include any amendments to the Complaint and any additional causes of action that must be brought by the Objection to Discharge Deadline, and for any and all other relief as the Court finds just and equitable.

Dated this 7th day of May, 2025.

                                            Respectfully submitted,

                                            **BROWNSTEIN HYATT FARBER SCHRECK, LLP**

                                            */s/ Amalia Y. Sax-Bolder*
                                            Amalia Y. Sax-Bolder, #54959
                                            675 15th Street, Suite 2900
                                            Denver, CO 80202
                                            Tel: (303) 223-1100
                                            Fax: (303) 223-1111
                                            asax-bolder@bhfs.com

                                            *Attorney for HI Investments, LLC*

33550867.2

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May, 2025, a true and correct copy of the foregoing **MOTION TO HOLD ALL ADVERSARY PROCEEDING RELATED DEADLINES IN ABEYANCE** was transmitted by electronic means on the parties noted in the Court's CM/ECF transmission facilities in accordance with applicable Fed. R. Bankr. P. and L.B.R. on the following:

- **Amalia Y Sax-Bolder**   asax-bolder@bhfs.com, aciabattoni@bhfs.com; iblumberg@bhfs.com
- **Kevin S Wiley**   kwiley@wileylawgroup.com

    */s/ Genie L. Passow*
    Genie L. Passow, Legal Practice Assistant and Litigation Practice Coordinator

33550867.2